HOOPER, Chief Justice
(concurring specially).
Wal-Mart Stores, Inc., petitioned the Court of Civil Appeals for a writ of mandamus directing the trial court to set aside its order granting Jimmy England’s petition to hold Wal-Mart in contempt for failure to comply with a settlement agreement. The Court of Civil Appeals, on September 28, 1999, without an opinion, denied Wal-Mart’s petition for the writ of mandamus. Ex parte Wal-Mart Stores, Inc. (No. 2981451) — So.2d - (Ala.Civ.App.1999) (table). In its order denying the petition, the Court of Civil Appeals cited Rule 70A(g)(2), Ala. R. Civ. P., which provides: “If the person found in contempt is not being held in custody pursuant to the adjudication of contempt, the adjudication is reviewable by appeal.” Because Wal-Mart was not held in custody pursuant to the adjudication of contempt, it is clear that an appeal was the appropriate means for securing a review of the trial court’s order.
Wal-Mart contends that, even if a petition for the writ of mandamus was not the appropriate vehicle for obtaining a review of the contempt order, the Court of Civil Appeals should have treated the petition for the writ of mandamus as a notice of appeal, based on the holding in Ex parte Burch, 730 So.2d 143, 146 (Ala.1999). In Burch, this Court held that it has the discretion to treat a mandamus petition as a notice of appeal. I concur in denying certiorari review in this present case because I cannot say that the decision of the Court of Civil Appeals conflicts with prior caselaw. The Burch Court stated: “There is no bright-line test for determining when this Court will treat a particular filing as a mandamus petition and when it will treat it as a notice of appeal.” 730 So.2d at 146.
I write specially because I am concerned that the appellate courts are setting up an arbitrary system regarding the question of when a filing will be treated as a mandamus petition and when it will be treated as a notice of appeal. The appellate courts often treat mandamus petitions as notices of appeal, and yet we have no articulable standard for doing so. This Court should establish a standard for determining when such treatment is proper.